UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
INDIAN CAPITOL DISTRIBUTING, INC.
    Debtor.                                    No. 11-09-11558 SA

CRAIG H. DILL, Chapter 11 Trustee,
    Plaintiff,
v.                                              Adv. No. 09-1110 S

MICHAEL P. MATAYA,
    Defendant.

**MEMORANDUM OPINION AFTER**
**TRIAL ON THE MERITS**

This matter came before the Court for trial on the merits of Craig H. Dill's ("Trustee" or "Plaintiff") Complaint for Turnover. For the reasons set forth below, the Court will issue a Judgment in favor of Defendant.[1]

**DISCUSSION**

Bankruptcy Code section 542(a) sets out the conditions under which a trustee may seek turnover of property:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of

---

[1] This Court has subject matter jurisdiction and personal jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(E). See also McClatchey v. Ohio Public Employees Deferred Compensation Program (In re Matheney), 138 B.R. 541, 545 (Bankr. S.D. Ohio 1992)(Turnover is a core proceeding because it is a substantive right created by federal bankruptcy law and may be brought only by a trustee appointed in a bankruptcy case or by a debtor-in-possession, neither of which exists outside of bankruptcy.) This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

>     such property, unless such property is of
>     inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). This section establishes a general rule that is self-operative and mandatory that requires any entity with control of property of a bankruptcy estate to deliver that property to the trustee. Boyer v. Davis (In re USA Diversified Products, Inc.), 193 B.R. 868, 872 (Bankr. N.D. Ind. 1995), aff'd., 196 B.R. 801 (N.D. Ind. 1996), aff'd. 100 F.3d 53 (7th Cir. 1996)(citations omitted.). In any action to compel compliance with this section, the burden of proof is on the trustee. Id.; see also Evans v. Robbins (In re Robbins), 897 F.2d 966, 968 (8th Cir. 1990)(same). The trustee must prove: 1) during the case; 2) an entity (other than a custodian); 3) was in possession, custody or control; 4) of property that the trustee could use, sell or lease; and 5) that such property is not of inconsequential value or benefit to the estate. USA Diversified, 193 B.R. at 872. The defendant does not need to have current possession, custody or control; the statute only requires that at some time during the case the defendant had possession, custody or control. Id. at 874-75. The defendant also does not need to have any ownership or economic interest in the property; the statute requires only mere possession, custody or control. Id. at 874. If the defendant is in possession of the property, the trustee may recover it. Id. at 879. If the defendant no longer has possession of the property, the Court may inquire into the

disposition of the property and enter a money judgment, if appropriate, for the property's value. Id. See also Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Products, Inc.), 100 F.3d 53, 56 (7th Cir. 1996):

> But by the time the trustee got around to demanding the money from the [defendant], the [defendant] no longer had it, so how could it deliver it to the trustee? The statute, however, requires the delivery of the property or the value of the property. Otherwise, upon receiving a demand from the trustee, the possessor of property of the debtor could thwart the demand simply by transferring the property to someone else. That is not what the statute says, and can't be what it means.

(Posner, C.J.).

**FACTS**

In his answer, Defendant admits that that he is president of Debtor and that Plaintiff is the Trustee in Indian Capitol Distributing, Inc. Plaintiff alleges that Defendant is in possession and control of the property listed in the following table which belongs to the Debtor. Defendant answered that, except as noted, he is not in possession or control of the property listed in the table.

|    | Asset          | Detail or VIN #   | Defendant's answer        |
|----|----------------|-------------------|---------------------------|
| a. | 2004 GMC C55   | 1GDE5E12X4F519723 | no knowledge of location. |
| b. | 2002 GMC Sierra| 1GTHK23142F209206 | no knowledge of location. |

Case 09-01110-s    Doc 32    Filed 09/29/11    Entered 09/29/11 14:22:01 Page 3 of 7

|    | Asset | Detail or VIN # | Defendant's answer |
|----|-------|-----------------|---------------------|
| c. | 2007 GMC 4X4 | 1GTHK23687F544634 | Defendant has possession and makes payments on it and claims equitable ownership. Value is $21,000 and secured claim is $21,000. |
| d. | 2004 GMC Sierra | 2GTEC19T941313414 | no knowledge of location. |
| e. | 1995 Beal Tanker | 1BN1M2527SB003959 | Debtor sold in 2007 to Alford Solano. |
| f. | 1962 Chevrolet Impala | 21847S170654 | no knowledge of location. |
| g. | 1995 Peterbilt | 1XP5LB9X2SD371972 | no knowledge of location. |
| h. | 1999 GMC | 1GDJ7H1B7XJ509601 | no knowledge of location. |
| i. | 2001 Kenworth | 1XKWD69X31R875558 | Debtor sold in 2005 or 2006 to Power Trucking. |
| j. | 1990 Peterbilt | 1XP5DB9X1LD291108 | wrecked in 2004. |
| k. | 1970 BLZZ | D506701 | no knowledge of location. |
| l. | 1997 Ford | 1FTCR10A3VPB04353 | Defendant turned over. |
| m. | 1985 Fred | 1H2V0482XFE007205 | Defendant believes this is a Freuhauf van; axels were removed in 1990s and it is now a storage shed at Travel Center. Has no value. |
| n. | 1982 Ford | 1FDXR74N4CVA42029 | Debtor sold to Rodriquez Plumbing. |
| o. | 1976 GMC | TCE616V570902 | no knowledge of location. |

|    | **Asset**                                               | **Detail or VIN #** | **Defendant's answer**                                |
|----|---------------------------------------------------------|---------------------|-------------------------------------------------------|
| p. | 1977 International                                      | D0512GHB16186       | Debtor sold to Doug Bishop in 1995 and believe later scrapped. |
| q. | 1994 Chevrolet                                          | 1GBFK16KXRJ390295   | Debtor sold in 2003.                                  |
| r. | 1972 Beal Trailer                                       | DTS2375711          | Debtor sold to Woody's Petroleum in 1990s.            |
| s. | 2005 Utility Trailer                                    | 16HCB10195A013102   | Debtor sold in 2006.                                  |
| t. | 1981 Fruehauf                                           | OMT009203           | Debtor sold in 2007 to Quality Trailers.              |
| u. | 1980 Chevrolet (Actually, it is a 1982 Chevrolet.)      | 1GCEK14HCF392362    | Debtor scrapped in the 1980s.                         |

The complaint actually lists other assets, but at trial Plaintiff's attorney represented that only these remained at issue.

Defendant denies that demand was made on him for the property or that he has refused to turnover the property. He also denies that the property listed is property of the estate or that the Trustee is entitled to possession and use of the property. Finally, he denies that he should be ordered to turn the property over to the Trustee.

The Court conducted a trial on the merits and took the ruling under advisement. Before the Court ruled, Defendant filed a Chapter 7 bankruptcy. The automatic stay in Defendant's

individual case was terminated, and the Court now issues its decision.

This adversary was consolidated for trial only with two other adversaries, one against Mr. Mataya and one against Mr. Mataya's revocable trust. There were two witnesses relevant to this adversary: Plaintiff, Craig Dill, and Defendant, Michael Mataya.

The Court found Mr. Dill to be completely credible. The Court found Mr. Mataya to be an uncooperative witness that was not credible at all. For each of the twenty-one vehicles listed, Mr. Mataya claimed that for all of them he had no idea where they were.[2] For several, he could not recall the last time he saw them. For several, he testified that he had never seen them and was unaware that Debtor ever owned them. He could not explain why some were still on the Debtor's tax depreciation schedules nor could he explain why some did not appear on the schedules. Furthermore, he claimed he had never seen the tax depreciation schedules, but admitted they were probably important documents if his accountant thought they were. He could not explain why New Mexico state records still showed the Debtor's ownership of various vehicles, nor could he explain why Debtor received in the

---

[2] In his answer he stated that for ten of the vehicles they had been sold (with Bank's permission), wrecked, junked, or scrapped. When asked about this contradiction, he claimed he did not remember his answer.

Page -6-

mail a registration form for the year 2010, due by February 19, 2010, on a 1990 Peterbilt that, in his answer, he claimed was wrecked in 2004.

Despite the Court's distrust of Defendant's testimony, it was consistent in two respects: 1) he claimed to have no idea where the vehicles were and 2) he was very clear that they were not in his possession.  A fair analysis of all of the evidence is that Plaintiff did a great job documenting what Defendant had or should have had in his possession or control before the bankruptcy case.  However, there was nothing that showed he had control or possession after the filing of the case.  For example, at the conclusion of his testimony, under cross examination, Mr. Dill admitted he had no evidence that Mr. Mataya possessed any of the vehicles.  Therefore, the Court must enter judgment in favor of Defendant and dismiss Plaintiff's case with prejudice.  A separate Judgment will enter.

                               Honorable James S. Starzynski
                               United States Bankruptcy Judge

Date Entered on Docket:  September 29, 2011

Copies to:

James A Askew
Arland & Associates, LLC
201 3rd ST NW, STE 505
Albuquerque, NM 87102-3331

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109